■ LUCILLE M. SCARBOROUGH et al., Respondents, v DAVID S. ZIMMON et al., Appellants, et al., Defendants. — Order reversed, without costs, and complaint dismissed. Memorandum: Defendant doctors David Zimmon and William Panke appeal from an order compelling them to accept plaintiffs' late complaint. Although defendants failed to move for dismissal of the action against them pursuant to CPLR 3012 (subd [b]), we believe dismissal is warranted because plaintiffs failed to timely comply with defendants' demand for a complaint and also failed to demonstrate merit and a reasonable excuse for the three-month delay (cf. *A & J Concrete Corp. v Arker,* 54 NY2d 870). Plaintiffs' inability to obtain the services of a medical expert is tantamount to law office failure and, as such, is an unacceptable excuse for delay (*Scarborough v Zimmon,* 85 AD2d 892, affd 56 NY2d 784). Furthermore, plaintiffs' affidavit which recounts the experience of Lucille Scarborough coupled with a letter from the attending physician describing the procedure followed does not establish the merit of this medical malpractice action (*Scarborough v Zimmon, supra*). All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). The resolve of the majority to reverse Special Term and dismiss plaintiff's complaint in this instance is harsh, unwarranted and contrary to law (see *A & J Concrete Corp. v Arker,* 54 NY2d 870). The record herein is markedly different from that before us in the companion case of *Scarborough v Zimmon* (85 AD2d 892, affd 56 NY2d 784). Defendant makes no motion for the relief granted by the majority, Here plaintiffs brought a motion to compel the defendants to accept late service of their complaint. The record is void of any written response on behalf of defendants to this motion, although we are informed and the order recites an appearance with oral argument in opposition thereto. Special Term, which enjoys "a somewhat broader range of discretion when considering a motion for an extension of time," properly granted plaintiff's request. Once the time to serve a complaint has expired and the plaintiff has provided the court with a verified complaint, the statute confers upon the court the authority to extend the time upon such terms as may be just (CPLR 2004; *A & J Concrete Corp. v Arker, supra,* p 872). (Appeal from order of Supreme Court, Monroe County, Tillman, J. — compel acceptance of complaint.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.