■ JANET A. SAMMONS, Individually and as Administratrix of the Estate of EDWIN H. SAMMONS, Deceased, Respondent, v ROBERT FREER, Doing Business as HIDEAWAY CAMP, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered January 18, 1983 in Ulster County, which granted plaintiff's motion compelling defendant to accept service of the complaint. After defendant refused to accept service of plaintiff's complaint, which was not served until some 23 months after defendant made a demand for the complaint, plaintiff sought an order compelling defendant to accept service of the complaint. Plaintiff's attorney affirmed that the complaint had been untimely served (see CPLR 3012, subd [b]) because his investigator mislaid the file until shortly before the preparation and service of the complaint. Special Term, in its discretion, granted plaintiff's motion, noting that the motion was essentially one for an extension of time under CPLR 2004 to serve a complaint and that courts enjoyed a broader range of discretion where, as here, no motion to dismiss had been brought. This appeal by defendant followed. Even if Special Term did not abuse its discretion in forgiving the 23-month delay in the service of the complaint due to law office failure (see CPLR 2005), reversal is nonetheless required. The Court of Appeals has required that "[o]nce the time to serve a complaint has expired, a plaintiff must provide the court with an affidavit of merit or a verified complaint in lieu thereof" (*A & J Concrete Corp. v Arker,* 54 NY2d 870, 872). Our review of the record reveals that plaintiff has not included an affidavit of merit or verified complaint among her

papers. This omission prevents plaintiff from succeeding on her motion and the complaint must be dismissed (see, also, *Corrado v Bendell,* 93 AD2d 876, 877; *Scarborough v Zimmon,* 90 AD2d 989, affd 59 NY2d 945). Order reversed, on the law, without costs, and complaint dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.