*5 OPINION OF THE COURT
Alexander, J.
 In 1985, as part of a comprehensive reform of medical malpractice, the Legislature enacted CPLR 3406 (a) which requires plaintiffs to file a "notice of dental, medical or podiatric malpractice action”[1] within 60 days of joinder of issue. As a sanction for her failure to timely file this notice, the Appellate Division dismissed the plaintiff’s complaint. We now reverse because a review of the relevant statutes and rules reveals no legislative authority for the imposition of the severe sanction of dismissal in this circumstance. We further conclude that the Appellate Division abused its discretion in determining that plaintiff’s motion to extend the time to file the notice must be denied because she failed to demonstrate both the meritorious nature of her claims and a "reasonable excuse” for the delay.
I
On March 4, 1986, plaintiff commenced this medical malpractice action against the defendant, a licensed physician, alleging that defendant was negligent in the care and treatment of plaintiff’s infant daughter and ultimately caused the child’s death. On June 6, 1986, defendant served his answer, along with demands for a bill of particulars and for disclosure. In the disclosure demands defendant sought, inter alia, the production of X rays, authorizations to obtain the medical records of "all treating doctors”, specifically those of Dr. Robinson and Dr. Rutkowski, authorizations to obtain "all hospital records and charts” of four different hospitals, all writings sent from the defendant to the plaintiff, the names and addresses of all nonparty treating physicians, identification of nonexpert witnesses, and, pursuant to CPLR 3101 (d) (1), identification of expert witnesses, their qualifications, the *6 subject matter of their testimony and the bases of their opinions.
Over the next four-month period, defendant sent plaintiff’s counsel four letters demanding compliance with the discovery demands, specifically requesting plaintiffs authorizations for the admission records at the four hospitals and the records of Dr. Robinson and Dr. Rutkowski. None of the letters demanded that plaintiff file a notice of medical malpractice action as required by CPLR 3406 (a). Plaintiffs counsel did not answer the letters and did not provide the demanded authorizations.
On March 16, 1987, six months after the date of his attorney’s last letter demanding discovery, defendant moved to dismiss the complaint asserting that plaintiff had failed to timely file a notice of medical malpractice action and no motion for an extension had been made. Plaintiff opposed the motion and cross-moved for leave to file a late notice, asserting that her failure to timely file the notice was not deliberate and that she had simply been "awaiting production of voluminous medical records to properly answer defendants [sic] demands for a Bill of Particulars, and serve defendant with appropriate authorizations”. Supreme Court denied defendant’s motion, granted plaintiffs cross motion based upon "the circumstances herein and in the interest of justice”, and scheduled a precalendar conference (CPLR 3406 [b]). The Appellate Division reversed and dismissed the complaint. Analogizing noncompliance with the notice requirement to a pleading default, that court concluded that dismissal was warranted because plaintiff had failed to proffer a reasonable excuse for her eight-month delay in seeking an extension and had not demonstrated- the merit of her claims (Tewari v Tsoutsouras, 140 AD2d 104, 109). We granted leave and now reverse and reinstate the order of Supreme Court.
II
Chapter 294 of the Laws of 1985 (hereinafter the Medical Malpractice Reform Act) amended and added to various provisions of the Public Health Law, the CPLR, the Education Law, the Insurance Law and the Judiciary Law as part of a comprehensive plan intended "to ensure the continued availability and affordability of quality health services” in this State by lowering malpractice insurance premiums and thereby lowering health care costs (L 1985, ch 294, § 1). More specifically, *7 the Medical Malpractice Reform Act was intended to reduce the cost of malpractice insurance [premiums while assuring adequate and fair compensation to injured persons, to expedite the resolution of malpractice claims and thereby reduce the cost of malpractice litigation, and to reduce incidents of medical malpractice (L 1985, ch 294, Mem of State Executive Dept. 1985 McKinney’s Session Laws of NY, at 3022-3027). To expedite malpractice litigation, the Legislature provided for expanded discovery as to expert witnesses (CPLR 3101 [d] [1]), the assessment of costs and attorneys’ fees against a party or attorney advancing frivolous claims (CPLR 8303-a), and a mandatory precalendar conference, presided over by the Judge who would later try the case, in which the parties would explore settlement possibilities, simplify and limit issues and establish expedited discovery and trial schedules (CPLR 3406 [b]). This precalendar conference is triggered by the plaintiiFs filing of a "notice of dental, medical or podiatric malpractice action” pursuant to CPLR 3406 (a) (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3406 [1989 Supp Pamph], at 79-80).
Defendant seeks dismissal of plaintiiFs complaint as a sanction for plaintiiFs failure to timely file this notice rather than for any of the grounds for dismissal articulated in CPLR 3211. As with any other sanction, however, the courts of this State are empowered to grant the sanction of dismissal only when it has been authorized either by the Legislature or by court rules consistent with existing legislation (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5-6). Sanctions may not be imposed by ad hoc judicial decision-making (id., at 6). Upon review of the relevant statutes and rules, we can discern no authority for imposition of the sanction of dismissal for a plaintiiFs noncompliance with the notice requirement of CPLR 3406 (a). Moreover, to allow the imposition of the sanction of dismissal here may very well create the problems the Legislature sought to remedy and thus would contravene the purpose of the Medical Malpractice Reform Act.
Neither the plain language of CPLR 3406 (a) nor the structure of the newly enacted procedural scheme supports the conclusion that the Legislature intended dismissal to be a sanction for failure to timely file the notice. The statute provides: "(a) Mandatory filing. Not more than sixty days after issue is joined, the plaintiff in an action to recover damages for dental, medical or podiatric malpractice shall file with the *8 clerk of the court in which the action is commenced a notice of dental, medical or podiatric malpractice action, on a form to be specified by the chief administrator of the courts. Together with such notice, the plaintiff shall file: (i) proof of service of such notice upon all other parties to the action; (ii) proof, that, if demanded, authorizations to obtain medical, dental or podiatric and hospital records have been served upon the defendants in the action; and (iii) such other papers as may be required to be filed by rule of the chief administrator of the courts. The time for filing a notice of dental, medical or podiatric malpractice action may be extended by the court only upon a motion made pursuant to section two thousand four of this chapter” (CPLR 3406 [a]). CPLR 2004 provides that a court may grant an extension of time "upon such terms as may be just and upon good cause shown”. By contrast, CPLR 3406 (b), which directs the Chief Administrator of the Courts to promulgate special calendar control rules providing for the precalendar conference* and expedited discovery and trial schedules, expressly authorizes "dismissal of an action” as a sanction for "failure of a party or a party’s attorney to comply with these special calendar control rules or any order of a court made thereunder” (emphasis added).[2] Thus the statute contemplates dismissal only as a sanction for noncompliance with the special calendar control rules promulgated under subdivision (b).
Consistent with the statute, the rules promulgated by the Chief Administrator do not authorize dismissal as a sanction for noncompliance with the notice requirement of CPLR 3406 (a). Section 202.56 of the Uniform Rules for Trial Courts (22 *9 NYCRR 202.56) provides in subdivision (a) (1) that a plaintiff must file a notice of medical malpractice action and in subdivision (b) (1) that upon the filing of such notice, the Judge is to schedule the precalendar conference. Subdivision (a) (3) provides that the notice of dental, medical or podiatric malpractice action "shall be filed after the expiration of 60 days only by leave of the court on motion and for good cause shown. The court shall impose such conditions as may be just, including the assessment of costs.” Thus while the rule tracks the requirement of CPLR 3406 (a) and 2004 that an extension be granted only upon "good cause shown”, the rule authorizes only the imposition of "conditions” upon the granting of the extension. Outright dismissal upon a denial of the motion to extend cannot be viewed as such a "condition” because it immediately terminates the action and thus is not conditional.
Furthermore, like the statute, the rule authorizes "dismissal of an action” as a sanction only for noncompliance with the provisions relating to the precalendar conference which are articulated in subdivision (b) of the rule. That subdivision expressly provides that a court may impose the sanction of dismissal for noncompliance with "a directive of the court authorized by the provisions of this subdivision” (22 NYCRR 202.56 [b] [2] [emphasis added]).
Nor does the standard for extensions of time articulated in CPLR 2004 provide any legislative authority for the dismissal of a plaintiffs complaint solely upon a failure to timely file the CPLR 3406 (a) notice. That statute merely confers discretion upon the courts to either grant or deny a motion to extend time limits set in the CPLR, including the 60-day time period set forth in CPLR 3406 (a). Moreover, where the extension sought is not an extension of the time to file a pleading, dismissal is not a necessary consequence of a denial of the motion (compare, Sammons v Freer, 99 AD2d 896, affd for reasons stated below 62 NY2d 1018).
This construction of the legislative scheme is consistent with the underlying purposes of the tort reforms enacted in 1985. Although the reforms were intended, in part, to expedite malpractice litigation, as has been noted by some trial courts, the CPLR 3406 (a) notice has itself become the subject of extensive pretrial litigation (see, e.g., Marte v Montefiore Med. Center, 142 Misc 2d 745, 746). To allow dismissal as a sanction for failure to timely file the CPLR 3406 (a) notice would promote even more litigation on this collateral issue by en *10 couraging defendants to litigate every instance of noncompliance. Indeed, defense counsel’s obligation to zealously represent his or her client might well require that defense counsel seize the opportunity to attempt to obtain a dismissal on a mere showing of noncompliance with CPLR 3406 (a) rather than risking a disposition on the merits (Code of Professional Responsibility DR 7-101). Moreover, dismissal may completely nonsuit the plaintiff as defendants commonly wait until after the expiration of the relatively short Statute of Limitations in medical malpractice actions (see, CPLR 214-a) to seek dismissal for noncompliance with CPLR 3406 (a) (see generally, Marte v Montefiore Med. Center, 142 Misc 2d, at 749, supra). In this case, for example, defendants waited six months before seeking dismissal of plaintiffs complaint and after the Appellate Division granted that relief, plaintiff commenced a second action which was held to be time barred (Tewari v Tsoutsouras, 144 Misc 2d 440). Thus we conclude that the Legislature never contemplated the imposition of such a draconian sanction for noncompliance with CPLR 3406 (a), particularly where the practical effect of such a sanction would defeat the very purpose of the Medical Malpractice Reform Act.[3]
We stress, however, that we do not condone the use of dilatory tactics by the plaintiffs’ bar in failing to timely file these notices and note that our decision today does not leave defendants without a remedy for delays in litigation caused by such noncompliance with CPLR 3406 (a). When a notice is not timely filed, a defendant truly seeking expeditious resolution of the underlying malpractice claim may move, even by order to show .cause, to compel the filing of the notice. Once a defendant has obtained an order directing that the notice be filed, a plaintiffs disregard of such order may be deemed willful and construed as a deliberate effort to frustrate the calendar control rules promulgated under CPLR 3406 (b). In that case, dismissal as authorized by that subdivision would be warranted. Disregard of a court order directing the filing of *11 the notice and its attendant authorizations (see, CPLR 3406 [a]) may also be construed as a failure to comply with a court order directing discovery for which dismissal is an authorized sanction (CPLR 3126; see, Zletz v Wetanson, 67 NY2d 711, 713 [dismissal of complaint is within trial court’s discretion where party deliberately disregarded court order to answer interrogatories]; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568 [willful failure to comply with court orders directing discovery warranted striking of answer and entry of default judgment]). Of course, plaintiffs who have delayed the litigation but nevertheless file the notice in response to such a court order or after having been granted an extension may be punished by the imposition of monetary sanctions such as costs and attorney’s fees (22 NYCRR 202.56 [a] [3]). Alternatively, a defendant who does not seek to compel the filing of the notice may ultimately seek dismissal of the action pursuant to CPLR 3216 for plaintiff’s failure to prosecute.
Accordingly we conclude that the Legislature has not authorized the imposition of the sanction of dismissal for noncompliance with the statutory notice requirement of CPLR 3406 (a). This conclusion does not flow, as the dissent suggests, from simply a "strict” construction of CPLR 3406 (dissenting opn, at 15). Rather, the plain language of CPLR 3406 and the rules promulgated thereunder do not provide any authority for the imposition of the sanction of dismissal in this case. Nor does the legislative history of the statute suggest that the Legislature intended that dismissal be an authorized sanction for a plaintiff’s failure to timely file the notice. In these circumstances, the authority to dismiss cannot be "implied” (see, dissenting opn, at 17) and, consequently, the Appellate Division erred in dismissing plaintiff’s complaint.
Ill
We further conclude that the Appellate Division abused its discretion in analogizing the failure to timely file the CPLR 3406 (a) notice to a pleading default and holding therefore that plaintiff’s motion for an extension must be denied because she had not demonstrated both the meritorious nature of her claims and a "reasonable excuse” for the delay (140 AD2d 104, 109-112; see, A & J Concrete Corp. v Arker, 54 NY2d 870).
CPLR 2004 vests the trial court with discretion to extend the time to perform any act, including the filing of the 3406 *12 (a) notice, "upon such terms as may be just and upon good cause shown”. In considering the motion, the court may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay, whether the moving party was in default before seeking the extension, and, if so, the presence or absence of an affidavit of merit. (See generally, 2A Weinstein-Korn-Miller, NY Civ Prac If 2004.03.) In the case of pleading defaults, however, we have held that the absence of an affidavit of merit defeats the motion regardless of the weight of the other factors considered under CPLR 2004 (La Buda v Brookhaven Mem. Hosp. Med. Center, 62 NY2d 1014; A & J Concrete Corp. v Arker, 54 NY2d, at 872, supra; Sammons v Freer, 99 AD2d 896, affd for reasons stated below 62 NY2d 1018,, supra; Smith v Lefrak Org., 96 AD2d 859, affd for reasons stated below 60 NY2d 828).
Contrary to the conclusion of the Appellate Division, failure to timely file the CPLR 3406 (a) notice is not analogous to a pleading default. The notice requirement is a rule of calendar practice which functions to trigger the precalendar conference required by CPLR 3406 (b). Unlike pleadings, the notice does not serve to apprise the adversary of a pending cause of action and imposes no obligation upon the adversary which may result in a default judgment against him or her. Accordingly, the stringent showing required to obtain an extension of time to file a pleading by a party already in default has no application here and plaintiff’s motion does not fail simply because she did not submit an affidavit of the merit of her claims.
In seeking an extension after the time to file had passed, plaintiff averred that she "did not deliberately fail to comply with the directives of [CPLR 3406 (a)], but was awaiting production of voluminous medical records to properly answer defendants [sic] demand for a Bill of Particulars, and serve defendant with appropriate authorizations”. This excuse amounts to little more than law office failure, especially since defendant had repeatedly demanded the authorizations. Nevertheless, specifically rejecting our holdings to the contrary (see, Barasch v Micucci, 49 NY2d 594; Eaton v Equitable Life Assur. Socy., 56 NY2d 900), the Legislature has held that upon a motion to extend the time to appear or plead (CPLR 3012) or to vacate a default (CPLR 5015 [a]), the court may excuse a delay or default resulting from "law office failure” (CPLR 2005). We see no reason to impose a more stringent requirement for the showing of "good cause” under CPLR 2004, *13 particularly where, as here, there is no evidence that defendant was at all prejudiced by plaintiffs delay while plaintiff will be severely prejudiced if the motion is denied.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.

. As originally enacted, CPLR 3406 (a) required the notice only in dental and medical malpractice actions. The references to podiatric malpractice actions were added in 1986 (L 1986, ch 485, § 6). In 1988 the catchline of CPLR 3406 and the provisions of CPLR 3406 (b) relating to the precalendar conference were similarly amended to include podiatric malpractice actions (see, L 1988, ch 184, § 3).

. CPLR 3406 (b) provides: "The chief administrator of the courts, in accordance with such standards and administrative policies as may be promulgated pursuant to [section 28] of article six of the constitution, shall adopt special calendar control rules for actions to recover damages for dental, podiatric or medical malpractice. Such rules shall require a precalendar conference in such an action, the purpose of which shall include, but not be limited to, encouraging settlement, simplifying or limiting issues and establishing a timetable for disclosure * * * The timetable for disclosure shall provide for the completion of disclosure not later than twelve months after the notice of dental, podiatric or medical malpractice is filed and shall require that all parties be ready for the trial of the case not later than eighteen months after such notice is filed. * * * The chief administrator of the courts also shall provide for the imposition of costs or other sanctions, including imposition of reasonable attorney’s fees, dismissal of an action, claim, cross-claim, counterclaim or defense, or rendering a judgment by default for failure of a party or a party’s attorney to comply with these special calendar control rules or any order of a court made thereunder”.

. As the dissent acknowledges, other aspects of the Medical Malpractice Reform Act were intended to expedite the resolution of medical malpractice claims (see, dissenting opn, at 15). Most significantly, the Legislature squarely addressed the problem of frivolous litigation by enacting CPLR 8303-a which authorizes the court to impose the sanctions of costs and attorneys’ fees upon either a party or an attorney advancing a frivolous claim. Our decision today, which holds simply that dismissal is not an authorized sanction for noncompliance with CPLR 3406 (a), in no way undermines the effectiveness of CPLR 8303-a or the other aspects of the Medical Malpractice Reform Act.