Dana GRAMLICH, Plaintiff
and Appellant,

v.

Jay P. MUNSEY, M.D., Richard Horne, D.C., and Moab Family Chiropractic Clinic, Defendants and Appellees.

No. 900466.

Supreme Court of Utah.

Sept. 23, 1992.

Don R. Petersen, Leslie W. Slaugh, Provo, for Gramlich.

Elliott J. Williams, David W. Slagle, Elizabeth King, Salt Lake City, for Munsey.

DURHAM, Justice:

Plaintiff Dana Gramlich appeals from a summary judgment dismissing her malpractice action for failure to comply in a timely manner with the prelitigation review requirements of the Utah Health Care Malpractice Act ("the Act"). Because we do not find that a failure to initiate prelitigation review within 60 days of serving a notice of intent to commence an action ("notice") is a jurisdictional bar, we reverse.

In reviewing motions for summary judgment, we view the facts in a light most favorable to the nonmoving party. *D & L Supply v. Saurini*, 775 P.2d 420, 421 (Utah 1989). We state the facts accordingly.

In March and October of 1985, Ms. Gramlich consulted defendant Dr. Jay P. Munsey, complaining of a numbness on the

right side of her face and hand. Dr. Munsey treated her for a nervous disorder. On January 5, 1986, Ms. Gramlich suffered a seizure that led to the diagnosis of a brain tumor, which was surgically removed on January 9, 1986. Ms. Gramlich claims that Dr. Munsey was negligent in failing to diagnose her tumor when she consulted him in 1985.

On December 21, 1987, Ms. Gramlich served a notice on Dr. Munsey as required by Utah Code Ann. § 78–14–8. Section 78–14–12(2) of the Act requires that a party initiating a medical malpractice action file a request for prelitigation review ("request") within 60 days of filing a notice. Ms. Gramlich did not file this request until March 2, 1988, 68 days after service of her first notice. She filed an amended notice on or about March 4, 1988. This amended notice was followed immediately by a request for prelitigation review. Dr. Munsey requested that prelitigation review be denied on the ground that the request was not filed within 60 days of the service of the first notice. The Division of Occupational and Professional Licensing nevertheless conducted the review, completing it on May 6, 1988. At that time, the director of the division certified that "all requirements set forth in § 78–14–12 ... have been satisfied regarding prelitigation review of the above entitled matter." Ms. Gramlich filed her complaint on June 15, 1988. The trial court disposed of the complaint on summary judgment, ruling that because Ms. Gramlich had not filed her request for prelitigation review within the required 60 days (as computed from the first notice), the December notice was invalid. Furthermore, the March notice was served after the expiration of the statute of limitations; thus the trial court held that her claim was barred.

The trial court's determination that the statute of limitations had expired is a ques-

tion of law which we review for correctness, giving no particular deference to the lower court. *Avila v. Winn*, 794 P.2d 20, 22 (Utah 1990).

Ms. Gramlich contends that failure to meet the 60–day deadline for filing a request for prelitigation panel review in a medical malpractice action should not bar an action.[1] She also claims that if this court determines that failure to meet the 60–day deadline is jurisdictional, then the limitation must be stricken as an unconstitutional violation of equal protection principles.[2] Although Ms. Gramlich raised the constitutionality of the prelitigation review requirement, appellee did not fully brief the issue. Because we construe the statutes at issue so as to preserve Ms. Gramlich's claim and the constitutional issue has not been adequately briefed, we decline to address the constitutionality of prelitigation review in this case.

■ We now turn to our construction of the prelitigation review statutes. The Act requires that prior to initiating medical malpractice actions, a plaintiff must give prospective defendants "at least ninety days' prior notice of intent to commence an action." Utah Code Ann. § 78–14–8. This notice must be served before the statute of limitations expires. *Id.* If the notice is served within 90 days of the expiration of the limitations period, the limitations period is extended an additional 120 days from the date of the service of the notice. *Id.* The Act further provides that within 60 days of serving a notice of intent to commence action, the plaintiff must file a request for prelitigation panel review with the Department of Commerce. *Id.* § 78–14–12(2). As soon as this request is filed, the applicable statute of limitations is tolled until 60 days after the prelitigation panel issues its opinion. *Id.* § 78–14–12(3).

Ms. Gramlich filed her notice of intent to commence action on December 21, 1987.

---

**1.** Ms. Gramlich further claims that Dr. Munsey is bound by the Division of Occupational and Professional Licensing's certification that all prelitigation requirements had been satisfied. Because we construe the statutes at issue to preserve Ms. Gramlich's claim, we find it unnecessary to address this contention.

**2.** Ms. Gramlich also argues that the trial court erred in denying her motion for a new trial on the ground that no trial had been conducted. Because we uphold the action on other grounds, it is unnecessary to reach this question.

Because this was within 90 days of the expiration of the statute of limitations, section 78–14–8 gave her an additional 120 days to file her action.[3] Therefore, her limitations period was extended to April 20, 1988. Although Ms. Gramlich's first request was untimely, she filed a second notice on or about March 4, 1988, within the newly enlarged limitations period, followed promptly by a second request. Thus all statutory deadlines for prelitigation review were met. Dr. Munsey argues that because Ms. Gramlich did not file her request for prelitigation review until March 2, 1988, 68 days after filing her notice, her December 21 notice was rendered invalid and she was not entitled to the 120–day extension granted in section 78–14–8; any notices or requests filed after January 5, 1988, were therefore untimely.

■ No support exists in the Act for appellee's position. The legislature unequivocally granted a 120–day extension to a plaintiff who serves a notice within 90 days of the expiration of the applicable statute of limitations. *Id.* § 78–14–8. Nowhere in section 78–14–8 or section 78–14–12 is there any suggestion that failure to file a request for prelitigation review within 60 days of serving notice nullifies that notice or nullifies the mandatory extension granted in section 78–14–8. Consequently, according to section 78–14–8, even if a plaintiff does not file a request within 60 days of service of notice, she still has 60 days in which to renew her notice and commence prelitigation review.

Appellee's interpretation would effectively turn the 60–day deadline for filing requests for prelitigation review into an additional statute of limitations. Under his interpretation, a plaintiff has 60 days in which to file a request for prelitigation review. If this deadline is missed, the plaintiff's action is barred. Such an interpretation effectively limits section 78–14–8's extension to 60 days and renders meaningless the remaining 60 of the 120 days

granted. Had the legislature intended the 60–day deadline to operate as a jurisdictional bar, it would have granted only a 60–day extension rather than a 120–day extension.

Furthermore, appellee's interpretation is contrary to the purpose for which the legislature established prelitigation review. Barring a claim for failure to comply with an internal deadline of the prelitigation review process would not promote the stated purpose of "expedit[ing] early evaluation and settlement of claims." *Id.* § 78–14–2. In fact, the legislature specifically provided that the limitations period be tolled once a request for prelitigation review is filed. Thus, the legislature has made every effort to extend limitations periods to accommodate the prelitigation review process; it has not sought to use prelitigation review to arbitrarily curtail plaintiffs' actions. Indeed, the draconian sanction of barring a cause of action should not be imposed without clear legislative intent of such consequences. *See Tewari v. Tsoutsouras,* 75 N.Y.2d 1, 550 N.Y.S.2d 572, 574, 549 N.E.2d 1143, 1145 (1989).

Appellee contends that because prelitigation review is a condition precedent to litigation, § 78–14–12(1)(c), failure to meet the 60–day deadline must bar an action. This argument has two flaws. First, the statute merely mandates prelitigation review. It does not relate or refer in any way to the internal deadlines of the prelitigation review procedure. Second, prelitigation review was in fact conducted in this case. Thus, the requirement of section 78–14–12(1)(c) has been fulfilled.

For the foregoing reasons, we hold that when a plaintiff serves a notice of intent to commence action within 90 days of the expiration of the statute of limitations, thereby becoming entitled to an additional 120–day extension, a court may not bar the plaintiff's action for failure to file a request for prelitigation review within 60 days of that notice. Consequently, we re-

---

**3.** We assume for purposes of this appeal that Ms. Gramlich discovered Dr. Munsey's alleged negligence in failing to diagnose her brain tumor on January 5, 1986. Pursuant to the statute of limitations in the Act, she had two years from that date in which to file a malpractice action. *See* Utah Code Ann. § 78–14–4(1).

verse and remand for reinstatement of Ms. Gramlich's complaint.

HALL, C.J., HOWE, Associate C.J., and STEWART, J., concur.

ZIMMERMAN, J., dissents.