■ TRACEY DE RIENZO, Appellant, v JULIAN ZWEIG, Respondent. [674 NYS2d 80] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered January 14, 1997, which, upon determining that she engaged in misconduct and granting an oral application by the defendant to dismiss her complaint, dismissed her complaint with prejudice.

Ordered that the judgment is reversed, on the law and as a matter of discretion, without costs or disbursements, the application is denied, and the complaint is reinstated.

The record amply supports the court's determination that the plaintiff engaged in deliberate misconduct by approaching jurors in a courthouse restroom during a recess in the trial and making an improper appeal to their sympathy. Nevertheless, while the imposition of an appropriate sanction may have been warranted (*see generally*, Judiciary Law §§ 750, 753), the dismissal of the complaint under these circumstances was not authorized (*see, Tewari v Tsoutsouras*, 75 NY2d 1, 7; *see generally, Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1). Accordingly, the judgment must be reversed and the complaint reinstated. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.