OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and motion denied without prejudice to renewal upon proper papers.
Defendants, in support of their motion pursuant to CPLR 2004 to extend their time to answer the complaint, alleged that plaintiffs attorney orally agreed to such extension but thereafter denied such agreement and rejected the answer as untimely. Defendants’ application included a copy of the proposed answer to the complaint, but it was unverified. The Civil Court granted defendants’ motion, even though it was not supported by an affidavit of merit. We now reverse the Civil Court’s order and deny the motion, since in cases involving pleading defaults “the absence of an affidavit of merit defeats the motion regardless of the weight of the other factors considered under CPLR 2004” (Tewari v Tsoutsouras, 75 NY2d 1, 12). However, under the circumstances of this case, we exercise our discretion to provide that the denial of the motion is without prejudice to the making of a new application, supported by an affidavit of merit (see, Inserra v Porto, 33 AD2d 1092; Becker Wrecking & Salvage Corp. v Pinebrook Constr. Corp., 22 AD2d 976).
The issue on this appeal is whether it was an improvident exercise of discretion for the Civil Court to have granted the defendant’s motion. As previously indicated defendant claims (and plaintiff denies) that plaintiff orally stipulated to extend defendant’s time to answer, but then rejected the answer, which was served within the stipulated time. CPLR 2104 requires all stipulations to be in writing, and signed by the party to be bound, unless made in open court. It follows, therefore, that the unsigned stipulation extending the defendant’s time to answer the complaint in this case is not binding upon the plaintiff, especially since the plaintiff denies ever agreeing, orally or otherwise, to extend the time to answer the complaint (compare, La Marque v North Shore Univ. Hosp., 120 AD2d 572 [enforcing oral stipulation to extend time to answer, where plaintiff did not deny its existence]).
CPLR 2004 allows the court to extend the time for the doing of any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed. The Court of *516 Appeals has held that, in the case of pleading defaults, the absence of an affidavit of merit is fatal to a motion to compel the acceptance of the late pleading (see, Tewari v Tsoutsouras, supra). However, a copy of the proposed verified pleading can be submitted in place of an affidavit of merit (see, A & J Concrete Corp. v Arker, 54 NY2d 870, 872).
In the case at bar, defendants showed the existence of a reasonable excuse for the default, i.e., that plaintiff orally agreed to extend the time to answer the complaint. Secondly, the delay here was only eight days, and plaintiff clearly cannot claim that he suffered any prejudice as a result. Additionally, defendants made the motion before plaintiff sought judgment by default, and it has been held that courts “enjoy a somewhat broader range of discretion when considering a motion for an extension of time under CPLR 2004 which precedes any motion to dismiss” the late pleading (A & J Concrete Corp. v Arker, supra, at 872). Finally, it is notable that the complaint here was an endorsed (unverified) complaint, with two succinctly stated causes of action, one for personal injuries arising out of the accident, and one for property damage. In Albano v Nus Holding Corp. (233 AD2d 280, 281 [2d Dept 1996]), the Second Department excused a defendant’s failure to serve a timely answer, finding that “[i]n view of the limited information contained in the plaintiff’s complaint regarding the nature of the alleged accident, the affidavit of appellant’s president and the appellant’s proposed verified answer were sufficient to suggest the possibility of a meritorious defense.” While here defendant submitted only the proposed unverified answer without an affidavit of merit, it nevertheless suggests the likelihood of a meritorious defense, In the absence of a proper showing of a meritorious defense, this court has chosen to reverse the Civil Court’s order, and deny the defendant’s motion without prejudice to the making of a new application, supported by an affidavit of merit. This was done by the Fourth Department in Inserra v Porto (supra), where the Supreme Court’s denial of defendant’s motion to vacate his default was modified to provide that such denial was with leave to renew upon submission of an affidavit of merit, and also by the Third Department in Becker Wrecking & Salvage Corp. v Pinebrook Constr. Corp. (supra), which denied the defendant’s motion to open a default in serving a late notice of appearance because the affidavit of the attorney was inadequate, without prejudice to a new application on proper papers.
Kassoff, P. J., Aronin and Scholnick, JJ., concur.