■ NORVAL ROSE et al., Respondents, v OUR LADY OF MERCY MEDICAL CENTER et al., Appellants. [700 NYS2d 467] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered November 25, 1998, denying defendants' motion and cross-motion to dismiss plaintiffs' complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to dismiss the complaint as against defendant Mazzella, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Mazzella dismissing the complaint as against him.

Defendants appeal from the denial of their motions to dismiss this medical malpractice action on the ground that plaintiffs failed to serve a timely complaint. Defendant Mazzella also seeks dismissal on the ground that plaintiffs' expert affidavit does not contain any allegations of malpractice on his part.

Between August 1995 and February 1996, defendants rendered medical care to plaintiff Norval Rose, which allegedly caused him to suffer personal injuries. Plaintiffs served defendants in January and February 1998 using the summons with notice method (CPLR 3012 [b]). They contend that they

used this method because the Statute of Limitations might have expired before they could obtain all the expert review necessary to serve a detailed complaint. In late January and February, defendants served plaintiffs with demands for a complaint.

On or about March 25 and April 15, 1998, the various defendants made motions to dismiss the action because plaintiffs had not served a complaint within 20 days after the summons, pursuant to CPLR 3012 (b). On April 9, a sparse but adequately verified complaint was served.

In order to avoid dismissal under CPLR 3012 (b), a plaintiff must demonstrate a reasonable excuse for the delay and a meritorious cause of action (*Tewari v Tsoutsouras*, 75 NY2d 1). Here, plaintiffs claim that they needed additional time to obtain a medical expert's review of extensive hospital records so that they could proffer an informed physician's affidavit of merit.

Plaintiffs' expert affidavit provides sufficient evidence of a meritorious claim. It describes in detail a series of operations performed on Norval Rose's kidneys and ureter by Drs. Balsano and Gennarelli at defendant hospital. The affidavit claims that during an exploratory laparotomy, Dr. Balsano caused a traumatic injury to the spleen that required its removal. The affidavit also states that Dr. Gennarelli improperly placed stents in plaintiff's ureter in such a way that one stent migrated into his urethra, causing painful, bloody incontinence. No mention is made of Dr. Mazzella save that he was plaintiff's family physician.

As plaintiffs have not evinced any intent to abandon their claim or otherwise prejudiced defendant, it was not an abuse of discretion for the IAS Court to refuse to dismiss the complaint on timeliness grounds (*see, Paoli v Sullcraft Mfg. Co.*, 104 AD2d 333, 334). However, the complaint should have been dismissed as against Dr. Mazzella because he was not alleged to have any involvement in the series of surgical procedures that allegedly injured Norval Rose (*Filippone v St. Vincent's Hosp. & Med. Ctr.*, 253 AD2d 616, 619). Concur—Sullivan, J. P., Rosenberger, Tom, Mazzarelli and Wallach, JJ.