■ BERYL CAMPBELL, Respondent, v STARRE REALTY Co. et al., Respondents, and PAVARINI CONSTRUCTION Co., INC., Appellant. [724 NYS2d 584] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered September 14, 1999, which, insofar as appealed from, denied defendant-appellant's motion to dismiss the action for noncompliance with CPLR 306-b, and granted plaintiff's cross motion to extend the time in which to serve the summons and complaint on defendant nunc pro tunc to the time that service was made on it, affirmed, without costs.

Plaintiff's time to serve the summons and complaint was properly extended upon an adequate showing that her failure to serve defendant within 120 days of filing was due to the dissolution of her attorney's prior law firm, and in the absence of a showing by defendant that it was prejudiced as a result of the slight delay (*see, Bayer v Domino Media*, 147 AD2d 413; *Busler v Corbett*, 259 AD2d 13). We reject defendant's argument that the failure to make timely service, or to seek an extension of time within the 120-day period, was a pleading default requiring a showing of merit.

The concurrence would engraft such a requirement on the strength of a case decided nine years before the statute was rewritten to add CPLR 306-b, which merely requires a showing of "good cause" why service was not made within the time provided in the section. The statute was rewritten to accord

New York courts the same type of flexibility enjoyed by Federal courts to extend the time for service of the summons and complaint and such extensions "should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service" (Senate Mem in Support of L 1997, ch 476, 1997 McKinney's Session Laws of NY, at 2457; see, 1997 NY Legis Ann, at 319). There is no mention of a requirement of a showing of merit. Concur—Mazzarelli, Andrias and Lerner, JJ.

Williams, J. P., and Friedman, J., concur in a memorandum by Friedman, J., as follows: CPLR 306-b provides that service of a summons and complaint must be made within 120 days of their filing with the clerk of the court. The issue presented by this appeal is whether a plaintiff must submit an affidavit of merit in order to successfully oppose a motion to dismiss for failure to make service within the 120-day period. The majority, in affirming Supreme Court's order denying defendant's dismissal motion, holds that an affidavit of merit need not be submitted.

Although I agree with the result reached by the majority, namely, that this action should not be dismissed, I write separately because I believe that an affidavit of merit is required. Notwithstanding this requirement, I concur that Supreme Court properly denied defendant's motion because the complaint in this action, which was verified by plaintiff, sufficiently establishes the merits of her claim.

In this action, plaintiff alleges that she tripped and fell on November 17, 1995 on a sidewalk located at 19 East 57th Street in Manhattan. Plaintiff's counsel commenced this action almost three years later by filing the summons and complaint with the clerk of the court on November 4, 1998—just 13 days prior to the expiration of the Statute of Limitations. Thereafter, on April 2, 1999, the summons and complaint were served upon defendant Pavarini Construction Co. via the Secretary of State. This service was 29 days after the 120-day period permitted for service by CPLR 306-b.

Because of the late service, defendant Pavarini Construction Co. moved to dismiss the complaint. Plaintiff, in turn, cross-moved for an order deeming her late service upon Pavarini timely nunc pro tunc.

In opposing dismissal of her complaint, plaintiff submitted an affirmation from her attorney which explained that the delay in service resulted from confusion surrounding the dissolution of his law firm. Plaintiff also submitted a verified complaint which alleged that her fall was caused by construction materials defendant Pavarini negligently left on the sidewalk.

A determination of whether plaintiff is entitled to the relief she requested, that is an extension of time to make service, must begin with an analysis of CPLR 306-b.

After setting forth that service of the summons and complaint shall be made within 120 days after they are filed with the clerk of the court, CPLR 306-b provides: "If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."

The statute, as is apparent, is silent on what a plaintiff's submissions should contain in order to withstand a dismissal motion and receive an extension of time to make service. However, in determining whether an affidavit of merit is necessary in order to excuse untimely service, comparative analysis of CPLR 306-b with CPLR 305 (b) and 3012 (b) is instructive.

CPLR 305 (b) provides that a summons with a notice stating the nature of the action may be served without an accompanying complaint. Once the summons with notice is served, plaintiff must then serve the complaint within 20 days after defendant serves a demand for one pursuant to CPLR 3012 (b). The Court of Appeals addressed late service of a complaint vis-à-vis this statutory scheme (CPLR 305 [b]; 3012 [b]) in *A & J Concrete Corp. v Arker* (54 NY2d 870).

In *A & J Concrete*, the plaintiff commenced its action by service of a summons as authorized by CPLR 305 (b) (*see*, 78 AD2d 689).* Subsequently, defendants served a demand for service of the complaint pursuant to CPLR 3012 (b). Because plaintiff failed to serve the complaint within the required 20 days, defendant rejected it. Plaintiff then moved for an extension of time within which to make service and to compel defendants to accept such service. The motion was made pursuant to CPLR 2004, which authorizes a court to grant an extension of time for good cause shown. Like CPLR 306-b, CPLR 2004 is silent concerning the submissions necessary in order for relief to be accorded.

Notwithstanding the silence of CPLR 2004 on this issue, the Court of Appeals held that "[o]nce the time to serve a complaint has expired, a plaintiff must provide the court with an affidavit of merit or a verified complaint in lieu thereof" (*supra*

* Until 1992, when this state adopted a commencement by filing system, service of the summons with notice was itself sufficient to commence an action (*see*, L 1962, ch 308; L 1992, ch 216).

at 872). As the plaintiff's verified complaint in *A & J Concrete* sufficiently demonstrated the merits of the action, and the delay was excusable, an extension of time was deemed warranted.

Thereafter, in *Kel Mgt. Corp. v Rogers & Wells* (64 NY2d 904), the Court of Appeals reaffirmed the principle enunciated in *A & J Concrete*, namely, that an affidavit of merit is required to excuse a failure to timely serve a complaint. This was significant because the legislative history of certain amendments to the CPLR that were enacted subsequent to the Court's decision in *A & J Concrete* raised some doubt as to the continuing need for an affidavit of merit (*see*, L 1983, ch 318, § 1; Sponsor's Mem in Support of L 1983, ch 318, 1983 NY Legis Ann, at 142-144).

The most recent exposition by the Court of Appeals on this topic was presented in *Tewari v Tsoutsouras* (75 NY2d 1). In *Tewari*, the Court of Appeals addressed the issue of whether an affidavit of merit was required to excuse a failure to timely serve a "notice of medical malpractice action" as required by CPLR 3406 (a). Holding that an affidavit of merit was not an absolute prerequisite, the Court noted that the requirement to serve a notice of medical malpractice action is a rule regulating calendar practice and a failure to file the notice is not a pleading default (*id.* at 12).

In reaching this conclusion, the Court began by noting that a trial court, under CPLR 2004, is vested with discretion to extend the time to perform any act, even after the time to perform the act has expired (*id.* at 11-12). The Court, after explaining the factors that are to be considered when an extension of time to perform an act is sought under CPLR 2004, concluded by stating: "In the case of pleading defaults * * * we have held that the absence of an affidavit of merit defeats the motion regardless of the weight of the other factors considered under CPLR 2004" (*id.* at 12 [citations omitted]).

In support of this latter proposition, the Court cited, among other cases, *A & J Concrete*. I find this significant because the Court's citation to *A & J Concrete* signifies its view that the failure to timely serve a complaint after an action is commenced is a pleading default, and that such a default may only be cured by showing that the action has merit. This being so, there is no cogent reason why the failure to timely serve a complaint as required by CPLR 306-b is any less of a pleading default than is the failure to serve a complaint pursuant to CPLR 305 (b) and 3012 (b).

It seems to me that the juxtaposition of *A & J Concrete, Kel*

and *Tewari* leads to two inexorable conclusions. First, the failure to timely serve a complaint, whether under CPLR 306-b or 3012 (b), constitutes a pleading default. Second, an application to be relieved of a pleading default requires the submission of an affidavit of merit or its equivalent.

Finally, I address the majority's observation concerning the legislative history leading to the enactment of CPLR 306-b. While the Legislature, in enacting CPLR 306-b, certainly contemplated that relief should be liberally granted, this does not translate into a statutorily based elimination of a defaulter's obligation to demonstrate merit. In New York, it has always been the rule that relief from defaults should be liberally granted (*see*, 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.02; Siegel, NY Prac § 108, at 187 [3d ed]). Nevertheless, our Court of Appeals has made it clear that, although liberality may often excuse a default, it does not excuse the failure to have a meritorious claim (*see*, *Tewari v Tsoutsouras*, *supra*; *Kel Mgt. Corp. v Rogers & Wells*, *supra*; *A & J Concrete v Arker*, *supra*).

Moreover, I cannot agree with the majority's suggestion that the elapse of nine years between the decision in *Tewari* and the enactment of CPLR 306-b has diminished *Tewari*'s vitality. This Court, only a year ago, recognized the continuing vitality of *Tewari*, and citing to *Tewari*, held that, to avoid dismissal for the failure to timely serve a complaint under CPLR 3012 (b), "a plaintiff must demonstrate a reasonable excuse for the delay and a meritorious cause of action" (*Rose v Our Lady of Mercy Med. Ctr.*, 268 AD2d 225, 226; *see also*, *Venezia v City of New York*, 280 AD2d 406). I see no basis to treat defaults under CPLR 306-b differently from defaults under other parallel CPLR provisions (*see*, CPLR 2004, 3012 [b]; 5015; *see also*, McKinney's Cons Laws of NY, Book 1, Statutes § 97).

Accordingly, I conclude that once a plaintiff has failed to make timely service pursuant to CPLR 306-b, and the imprimatur of the court is required in order to maintain the action, an affidavit of merit or its equivalent must be submitted before a court may grant an extension of time to effectuate service. Since plaintiff's verified complaint in this case sufficiently demonstrated the merit of her cause of action, and plaintiff's counsel established a reasonable excuse for the delay in service, Supreme Court properly granted plaintiff's application for relief.