Fawn Second Ave. LLC v First Am. Tit. Ins. Co. (2021 NY Slip Op 01480)





Fawn Second Ave. LLC v First Am. Tit. Ins. Co.


2021 NY Slip Op 01480


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 655735/18 Appeal No. 13328 Case No. 2019-05462 

[*1]Fawn Second Avenue LLC et al., Plaintiffs-Respondents,
v
First American Title Insurance Company, Defendant-Appellant.


Sills Cummis & Gross P.C., New York (Jaimee Katz Sussner of counsel), for appellant.
Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 15, 2019, which denied defendant's motion to dismiss the complaint and granted plaintiffs' cross motion for an extension of time to serve the complaint, unanimously reversed, on the law, without costs, plaintiff's cross motion denied and defendant's motion granted to the extent that the complaint is dismissed without prejudice. The Clerk is directed to enter judgment accordingly.
Because defendant's motion to dismiss the complaint pursuant to CPLR 3012(b) preceded plaintiffs' motion for an extension of time pursuant to CPLR 2004, the case should be analyzed under CPLR 3012(b) (see A & J Concrete Corp. v Arker , 54 NY2d 870 [1981]). Thus, although we agree with the motion court that plaintiffs' delay in serving the complaint was excusable on the basis of law office failure (see Brooklyn Union Gas Co. v Aaer Sprayed Insulations , 158 AD2d 292 [1st Dept 1990]; CPLR 2005), plaintiffs' motion must be denied because they failed to make a showing of the merits of the case (see Kel Mgt. Corp. v Rogers & Wells , 64 NY2d 904 [1985]; Tewari v Tsoutsouras , 75 NY2d 1, 12 [1989] ["[T]he absence of an affidavit of merit defeats the motion regardless of the weight of the other factors considered under CPLR 2004"]). Plaintiffs' motion was supported solely by an attorney affirmation and an unverified complaint (see Lisojo v Phillip , 188 AD2d 369 [1st Dept 1992]).
Given our determination that the complaint must be dismissed without prejudice pursuant to CPLR 3012 (b), appellant's argument that the complaint should have been dismissed pursuant to CPLR 3211 is academic and we decline to reach it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021