Giordano v Giordano (2023 NY Slip Op 02381)

Giordano v Giordano

2023 NY Slip Op 02381

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Index No. 657722/19 Appeal No. 195 Case No. 2022-03477 

[*1]Anthony Giordano etc., Plaintiff-Appellant,
v
Joseph Giordano et al., Defendants-Respondents.

Warshaw Burstein, LLP, New York (Ally Hack of counsel), for appellant.
Piazza, D'Addario & Frumin, Brooklyn (Lucille Frumin of counsel), for respondents.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered February 4, 2022, which denied plaintiff's motion to vacate an order, entered on default on or about December 17, 2021, granting defendants' motion for summary judgment, unanimously reversed, on the law, with costs, and in the exercise of discretion, the motion to vacate granted, and the motion for summary judgment denied with leave to renew following defendants' compliance with the court's August 27, 2021 discovery order.
Plaintiff established a reasonable excuse for his default in failing to timely file his cross motion and opposition to defendants' motion for summary judgment. Plaintiff's counsel stated that he mistakenly believed that the papers could be filed at any time on the return date of December 15, 2021, and that the e-filing at 10:58 p.m. on that date was timely, despite the fact that the papers were, in fact, due to be filed two days before the return date. Thus, the default resulted from law office failure, which a court may excuse in its discretion (CPLR 2005; see Tewari v Tsoutsouras, 75 NY2d 1, 10 [1989]). Moreover, there was no evidence that the default was deliberate or part of a pattern of dilatory conduct by plaintiff (see Mejia v Duran De La Rosa, 210 AD3d 506, 506 [1st Dept 2022]).
Although plaintiff did fail to provide defendants with time to reply to his cross motion, thus causing prejudice to them, this error should have been remedied by granting defendants a brief adjournment, in view of the strong public policy of resolving cases on the merits, rather than by granting a default judgment (see Pichardo v 969 Amsterdam Holdings, LLC, 176 AD3d 571, 572 [1st Dept 2019]). The record also raises issues about defendants' own conduct in connection with their motion, namely their submission of the motion for summary judgment just a few days before the court-imposed deadline for complying with a subpoena issued by plaintiff, and their failure to comply with an order directing production of responsive documents.
Furthermore, plaintiff made a prima facie showing of a meritorious claim by producing various documents suggesting that he had an ownership interest in defendant Cheers Hotel Apts., Inc. Plaintiff also submitted affidavits from his mother, who had knowledge of the facts underlying the action, and from Cheers' former lawyer, both of which were at odds with the affidavits submitted in support of defendants' motion. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023