Amsterdam Capital Solutions, LLC v WeWork Cos. Inc. (2023 NY Slip Op 50543(U))

[*1]

Amsterdam Capital Solutions, LLC v WeWork Cos. Inc.

2023 NY Slip Op 50543(U)

Decided on June 5, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2023
Supreme Court, New York County

Amsterdam Capital Solutions, LLC, Plaintiff,

against
WeWork Companies Inc., Defendant.

Index No. 656935/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 were read on this motion to/for EXTEND - TIME.
In motion sequence number 003, plaintiff AMSTERDAM CAPITAL SOLUTIONS, LLC ("plaintiff") moves for an order, pursuant to CPLR § 2004, granting it an extension to file partial opposition to defendant WEWORK COMPANIES INC.'s ("WeWork") motion to dismiss pursuant to CPLR 3211 (a) (1) filed under motion sequence number 001.
Defendant WeWork cross-moves for an order awarding defendant costs and attorneys' fees, pursuant to 22 NYCRR § 130-1.1.
BACKGROUND
Plaintiff filed a summons and verified complaint against defendant on June 23, 2022 (see NYSCEF doc. no. 1). Plaintiff alleges that it entered into a contract identified as a "Membership Agreement" with defendant landlord on April 30, 2021 for unit 07A111 in a building located at 135 East 57th Street, New York, New York 10022 (hereinafter "the premises") (id. at ¶ 1). Plaintiff alleges that on August 11, 2021, plaintiff and defendant amended the membership agreement, pursuant to which plaintiff left unit 07A111 of the premises on August 11, 2021 and joined unit 15-118 for a term of six months (id. at ¶ 2). Plaintiff and defendant subsequently amended the membership agreement in which plaintiff joined unit 15-116 and 15-120 (id. at ¶¶ 3-4).
Plaintiff alleges that on August 6, 2021, plaintiff notified defendant via email that unit 07A111 was "full of ants, a few rats, and dirt, to the extent that one could feel the dust in the air" (id. at ¶ 6). Plaintiff further alleges that on August 26, 2021, plaintiff notified defendant via email that unit 15-118 had rats and a large amount of dust (id. at ¶ 7). By failing to maintain the office spaces and keep the conference rooms clean, plaintiff alleges that defendant breached the membership agreement (id. at ¶¶ 25-26). As such, plaintiff commenced an action alleging claims of breach of implied warranty of habitability and constructive eviction of plaintiff (id. at [*2]¶¶ 30-32, 34-36).
On July 28, 2022, defendant e-filed a notice of motion to dismiss, as a responsive pleading, in lieu of an answer (NYSCEF doc. no. 5-16). As part of the motion, defendant requested an Order:
i. pursuant to CPLR 3211(a)(1) and (7), dismissing the complaint filed June 23, 2022, by plaintiff Amsterdam Capital Solutions, LLC ("Amsterdam" or "Plaintiff");
ii. in the alternative, compelling arbitration of Plaintiff's claims pursuant to CPLR 7503(a) and dismissing this action;
iii. awarding defendant its reasonable attorneys' fees and costs under 22 NYCRR 130-1.1, or in the alterative, under the prevailing party provision of the contract at issue herein should the Court hold that Defendant is bound by the contract; and
iv. granting Defendant such other and further reliefs as the Court deems just and proper.
(NYSCEF doc. no. 5-16).
On August 18, 2022, plaintiff filed a proposed order to show cause seeking an order, in relevant part, "pursuant to CPLR 7503 (a) compelling arbitration of Plaintiff's claims and dismissing the action" (NYSCEF doc. no. 17-21). Plaintiff also requested an extension of time to respond to defendant's motion to dismiss.
In an order dated August 18, 2022, the Court declined to sign the order to show cause as there was no persuasive basis for treating the motion on an urgent, extraordinary basis (NYSCEF doc. no. 23).
On September 9, 2022, plaintiff filed opposition to defendant's motion to dismiss dated July 28, 2022 (NYSCEF doc. no. 30).
Also on September 9, 2022, plaintiff filed the instant motion seeking an extension of time to file his opposition to defendant's July 28, 2022 motion (NYSCEF doc. no. 31-33). Defendant filed a letter with the court requesting that plaintiff's filing be disregarded as defendant's underlying motion was marked "'Fully Submitted — No Opposition' on August 17, 2022" (NYSCEF doc. no. 34). Defendant subsequently filed opposition to plaintiff's September 9, 2022 motion and cross-moved seeking fees and costs (NYSCEF doc. no. 35-44).
DISCUSSION
CPLR § 2004 provides that "the court may extend the time fixed by any statute, rule or order from doing any act, upon such terms as may be just and upon good cause shown." In considering a motion seeking to extend a respondent's time to file opposition to a motion, the court "may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay [and] whether the moving party was in default before seeking the extension" (Grant v City of New York, 17AD3d 215, 217 [1st Dept 2005] quoting Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989]).
Here, plaintiff seeks an extension of time to file partial opposition to defendant's motion dated July 28, 2022. Plaintiff appears to argue a law office failure resulted in the delay of his filing of his opposition (NYSCEF doc. no. 33, ¶ 14).
The court notes that plaintiff previously filed an order to show cause whereupon it sought an order "pursuant to CPLR § 7503 (a) compelling arbitration of Plaintiff's claims and dismissing the action" (NYSCEF doc. no. 17-21). Presumably plaintiff would not be moving for an order to dismiss his own claim, but given that plaintiff also requested an extension of time to respond to defendant's motion, the court is inclined to accept that a law office failure, on multiple fronts, occurred here. Notwithstanding, plaintiff ultimately did file his opposition to the [*3]defendant's motion on September 9, 2022, concurrently with his instant application (NYSCEF doc. no. 30).
In opposition, defendant has not established what, if any, prejudice will ensue to defendant should the court grant plaintiff's requested relief. In consideration of the strong public policy in favor of resolving cases on the merits, the lack of demonstrable prejudice to defendant, and given the fact that plaintiff's delay was not lengthy, this court grants plaintiff's application to extend the time to file his partial opposition to plaintiff's motion (Contave v 170 W. 85th St. Hous. Dev. Fund Corp., 164 AD3d 1157, 1157 [1st Dept 2018].
With respect to defendant's cross-motion, pursuant to 22 NYCRR § 130-1.1, the court may award reasonable attorney's fees or costs in the form of reimbursement for actual expenses reasonably incurred or impose financial sanctions on any party or attorney who engages in frivolous conduct. Conduct for the purposes of this rule is frivolous if:
(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
(3) it asserts material factual statements that are false
(22 NYCRR § 130-1.1 [c] [1], [2], [3]).
To determine whether conduct is frivolous, the court considers "among other issues, the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal factual basis was apparent or should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR §130-1.1 [c]).
In this court's view, plaintiff's conduct is not frivolous as defined by 22 NYCRR § 130-1.1. The court, in its discretion, denies defendant's request for costs.
CONCLUSION
Accordingly, it is hereby
ORDERED that plaintiff AMSTERDAM CAPITAL SOLUTIONS, LLC's motion seeking an extension of time to file partial opposition to defendant WEWORK COMPANIES INC.'s motion (mot. seq. 001), dated July 28, 2022 is granted; it is further
ORDERED that plaintiff AMSTERDAM CAPITAL SOLUTIONS, LLC's opposition to defendant WEWORK COMPANIES INC.'s motion is deemed served and filed effective September 9, 2022; and it is further
ORDERED that defendant WEWORK COMPANIES INC. is directed to serve a reply brief, if necessary, within 10 days of entry of this order; and it is further
ORDERED that defendant WEWORK COMPANIES INC.'s cross-motion for costs and attorneys' fees is denied.
Dated: June 5, 2023
Robert R. Reed, J.S.C.