Wells Fargo Bank, N.A. v Trupia (2020 NY Slip Op 02085)





Wells Fargo Bank, N.A. v Trupia


2020 NY Slip Op 02085


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-10701
2017-10702
2018-09442
2018-09444
 (Index No. 61943/14)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Maria Trupia, appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Reed Smith LLP, New York, NY (Zalika T. Pierre, Andrew B. Messite, and Jennifer Neuner of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Maria Trupia appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated September 8, 2017, (2) an order of the same court, also dated September 8, 2017, (3) an order of the same court dated July 6, 2018, and (4) an order and judgment of foreclosure and sale (one paper) of the same court dated July 6, 2018. The first order dated September 8, 2017, insofar as appealed from, after a hearing, granted that branch of the plaintiff's motion which was for an order of reference. The second order dated September 8, 2017, insofar as appealed from, referred the matter to a referee to compute the amount due to the plaintiff. The order dated July 6, 2018, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
By order to show cause of this Court dated November 14, 2018, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the two orders dated September 8, 2017, and the order dated July 6, 2018, on the ground that the right of direct appeal from the orders terminated upon entry of the judgment. By decision and order on motion of this Court dated January 8, 2019, the motion to dismiss the appeals from the orders was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.



DECISION & ORDER
Now, upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders is granted; and it is further,
ORDERED that the appeals from the orders dated September 8, 2017, and the order dated July 6, 2018, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further;
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated September 8, 2017, and the order dated July 6, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In two orders dated April 27, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Maria Trupa (hereinafter the defendant), to strike her answer, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff. On appeal, this Court reversed the orders, concluding that the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 (see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049). After a framed-issue hearing, the Supreme Court found that the plaintiff established its compliance with RPAPL 1304. Thereafter, the court granted that branch of the plaintiff's motion which was for an order of reference and referred the matter to a referee. The court then granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and issued an order and judgment of foreclosure and sale, which confirmed the referee's report and directed the sale of the subject property.
At the framed-issue hearing, the plaintiff demonstrated that it complied with the notice requirements of RPAPL 1304. The defendant presented no evidence supporting her current contention that the plaintiff failed to comply with the requirement, set forth in the version of RPAPL 1304(2) that was in effect at the time this action was commenced, that the notice given to the borrower contain a list of at least five housing counseling agencies "that serve the region where the borrower resides" (L 2009, ch 507, § 1-a, eff Jan. 14, 2010). Accordingly, we agree with the Supreme Court's determination that the plaintiff established its compliance with RPAPL 1304.
Moreover, contrary to the defendant's contention, her claim that the plaintiff breached the terms of the note by using an index to determine the interest rate other than the index that was specified in the note does not constitute a bona fide defense to foreclosure (see Washington Mut. Bank v Schenk, 112 AD3d 615, 616).
The defendant waived her contention that the plaintiff lacked standing, since she failed to specifically raise that contention on the prior appeal (see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049; see also Candea v Candea, 173 AD3d 667, 669; Czernicki v Lawniczak, 103 AD3d 769, 770; Dimery v Ulster Sav. Bank, 82 AD3d 1034, 1034).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determinations granting that branch of the plaintiff's motion which was for an order of reference, referring the matter to a referee to compute the amount due to the plaintiff, and granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court