Wells Fargo Bank, N.A. v Malik (2022 NY Slip Op 02039)





Wells Fargo Bank, N.A. v Malik


2022 NY Slip Op 02039


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-13703
 (Index No. 6885/11)

[*1]Wells Fargo Bank, N.A., respondent,
v
Toqir Hussain Malik, etc., appellant, et al., defendants.


Schwartz Law Group, P.C., Bethpage, NY (Kenneth B. Schwartz of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Reed Smith, LLP [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Toqir Hussain Malik appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 4, 2018. The order denied that defendant's motion to vacate a judgment of foreclosure and sale of the same court dated March 2, 2017, pursuant to CPLR 5015(a), and to vacate a notice of sale for failure to comply with RPAPL 1351(1).
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Baldwin. The defendant Toqir Hussain Malik (hereinafter the defendant), the mortgagor and owner of the subject property, did not answer the complaint or otherwise appear in the action. The plaintiff was granted an order of reference, followed by a judgment of foreclosure and sale dated March 2, 2017. A foreclosure sale was scheduled to be held July 10, 2018, but the defendant moved, by order to show cause dated July 6, 2018, to vacate and set aside the judgment of foreclosure and sale, pursuant to CPLR 5015(a)(1) and (4), and to vacate the notice of sale for failure to comply with RPAPL 1351(1). The plaintiff opposed the motion. The Supreme Court denied the motion, and the defendant appeals.
"A defendant in default is not entitled to affirmative relief of a non-jurisdictional nature absent vacatur of his or her default" (Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157 [alterations and internal quotation marks omitted]). Here, the defendant does not dispute that he is in default, and has not offered any excuse for that default. Since, contrary to the defendant's contention, "[t]he failure to comply with RPAPL 1304 is not a jurisdictional defect" (Chase Home Fin., LLC v Guido, 189 AD3d 1339, 1340), the defendant is not entitled to vacatur of the judgment of foreclosure and sale based on the alleged failure to comply with the notice requirements of that statute. Moreover, "a plaintiff is not required to disprove the defense unless it is raised by defendants, and in this case, the defendants failed to appear in the action or answer the complaint" (id. at 1340; see HSBC Bank USA, N.A. v Thorne, 189 AD3d 1193, 1195). As to the plaintiff's alleged failure to comply with the notice of default provision in the mortgage, that defense is waived [*2]unless it is raised in a defendant's answer or a motion for leave to amend the answer (see Wells Fargo Bank, N.A. v Atedgi, 189 AD3d 934, 936-937).
RPAPL 1351(1) provides, in pertinent part, that a judgment of foreclosure and sale "shall direct that the mortgaged premises . . . be sold by . . . a referee within ninety days of the date of the judgment." Here, the defendant contends that RPAPL 1351(1) was violated because (1) the judgment of foreclosure and sale did not include language directing that the mortgaged property be sold "within ninety days of the date of the judgment," as required by the statute, and (2) the sale was actually scheduled, by a notice of sale dated May 16, 2018, to be held on July 10, 2018, approximately 16 months after March 2, 2017, the date of the judgment of foreclosure and sale, instead of within 90 days of that date, which was June 2, 2017. It is the defendant's position that the result of this failure to comply with the statute is that the Supreme Court lacked authority to proceed with a foreclosure sale. There is no merit to these arguments.
First, the defendant waived his objection to the omission of the subject language from the judgment of foreclosure and sale by waiting until July 6, 2018, almost nineteen months after the date of the judgment of foreclosure and sale, to move to vacate the notice of sale on that ground (see Ltown Ltd. Partnership v Sire Plan, 108 AD2d 435, 438, mod 69 NY2d 670). In any event, even if the objection had not been waived, CPLR 5019(a) provides that "[a] judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party" (see DHE Homes, Ltd. v Jamnik, 172 AD3d 1164, 1165). Here, since the defendant does not allege that any substantial right of his was prejudiced by the omission of the statutory language from the judgment of foreclosure and sale, the Supreme Court properly declined to vacate the notice of sale on that ground (see Christiana Trust v McCobb, 187 AD3d 981, 983).
As to the actual scheduling of the foreclosure sale, in opposition to the defendant's motion, the plaintiff submitted evidence demonstrating that the foreclosure sale was originally scheduled to be held on May 30, 2017, i.e., within the permitted 90-day period from the date of the judgment of foreclosure and sale, and that the originally scheduled sale was canceled when the defendant filed a Chapter 13 petition in bankruptcy on May 23, 2017, resulting in an automatic stay of the foreclosure proceedings. Thus, the original scheduling of the foreclosure sale complied with the provision in RPAPL 1351(1) requiring the sale to occur within 90 days from the date of the judgment of foreclosure and sale.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court