50 E. 126th St. Realty LLC v Allard (2023 NY Slip Op 00942)

50 E. 126th St. Realty LLC v Allard

2023 NY Slip Op 00942

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 109284/05 Appeal No. 17362-17363 Case No. 2022-01062, 2022-01063 

[*1]50 East 126th Street Realty LLC, Plaintiff-Respondent,
v
Gisele Brouillette Allard, Defendant-Appellant, 50 East 126th Street, Inc., et al., Defendants. 

Anne Rosenbach, PLLC, Massapequa (Anne Rosenbach of counsel), for appellant.
Offit Kurman, New York (Brendan R. Marx of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, II, J.), entered August 19, 2021, which denied the motion of defendants Gisele Brouillette Allard and 50 East 126th Street, Inc. to vacate a foreclosure sale, unanimously affirmed, without costs. Order, same court and Justice, entered August 25, 2021, which granted plaintiff's motion to direct the foreclosure Referee to deliver the deed to the property in accordance with the terms of the related judgment of foreclosure and sale, unanimously affirmed, without costs.
Defendants' motion to vacate the foreclosure sale was time-barred. Under RPAPL 231(6), defendants were obliged to make an application to set aside the foreclosure sale within one year after the sale. However, even taking into consideration the effect of the Governor's Executive Order suspending certain statutory time limits during the COVID-19 pandemic (9 NYCRR 8.202.8), 393 days passed from the foreclosure sale until defendant's motion was filed — well outside the limitations period set by RPAPL 231(6). Likewise, the motion was time-barred under CPLR 2003 insofar as it sought to vacate the sale under RPAPL 1351(1) (see Wells Fargo Bank, N.A. v Malik, 203 AD3d 1110, 1113 [1st Dept 2022]).
Were we to consider the merits of the motion, we would find that Allard failed to make a showing of substantial prejudice, as is required under RPAPL 231(6) to vacate a judicial sale on the ground of lack of notice (see CPLR 2003; Wells Fargo Bank, N.A., 203 AD3d at 1113). Furthermore, Allard has not proffered any nonspeculative evidence of fraud, mistake, exploitative overreaching, or collusion sufficient to justify vacatur of the sale (U.S. Bank N.A. v Martinez, 162 AD3d 528, 529 [1st Dept 2018]). We also note that a judgment of foreclosure and sale is final and constitutes an adjudication of all relevant issues (see Sakala v Bank of N.Y. Mellon, 172 AD3d 640 [1st Dept 2019]; Dulberg v Ebenhart, 68 AD2d 323, 327 [1st Dept 1979]). In any event, the property was sold in accordance with the judgment of foreclosure and sale more than three years ago, and Allard's rights in the property have therefore been foreclosed (id.)
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023