Bank of Am., N.A. v Cord (2023 NY Slip Op 01655)

Bank of Am., N.A. v Cord

2023 NY Slip Op 01655

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH E. DOWLING
HELEN VOUTSINAS, JJ.

2020-09184
 (Index No. 2192/14)

[*1]Bank of America, N.A., respondent, 
v
Barry S. Cord, etc., appellant, et al., defendants.

Russ & Russ, P.C. (Jay Edmond Russ and Ira Levine, Massapequa, NY, of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Michael E. Blaine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Barry S. Cord appeals from a corrected order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated October 16, 2020. The corrected order, insofar so appealed from, denied those branches of that defendant's motion which were, in effect, to vacate a judgment of foreclosure and sale of the same court (Maria G. Rosa, J.) dated July 11, 2017, and to vacate a notice of sale for failure to comply with RPAPL 1351(1), and granted the plaintiff's cross-motion pursuant to CPLR 2004 for an extension of time to hold a foreclosure sale of the real property at issue.
ORDERED that the corrected order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Barry S. Cord (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Millbrook (hereinafter the property). In an order dated September 14, 2015, the Supreme Court, among other things, appointed a referee to compute the amount due to the plaintiff, and thereafter, it issued a judgment of foreclosure and sale dated July 11, 2017. The defendant appealed from, inter alia, the judgment of foreclosure and sale, and in a decision and order dated January 23, 2019, this Court, among other things, affirmed the judgment of foreclosure and sale (see Bank of Am., N.A. v Cord, 168 AD3d 896). A foreclosure sale of the property was scheduled to be held on November 20, 2019, but the defendant moved to stay the foreclosure sale, and in effect, to vacate the judgment of foreclosure and sale and to vacate the notice of sale based on the plaintiff's failure to comply with RPAPL 1351(1). The plaintiff opposed the motion and cross-moved pursuant to CPLR 2004 for an extension of time to hold the foreclosure sale of the property. The defendant opposed the plaintiff's cross-motion. In a corrected order dated October 16, 2020, the Supreme Court, inter alia, denied those branches of the defendant's motion which were in effect, to vacate the judgment of foreclosure and sale and to vacate the notice of sale, and granted the plaintiff's cross-motion. The defendant appeals.
"RPAPL 1351(1) was amended, effective December 20, 2016, to provide that a judgment of foreclosure and sale shall direct that the subject property be sold 'within ninety days of the date of the judgment'" (U.S. Bank, N.A. v Peralta, 191 AD3d 924, 925). Here, the judgment of [*2]foreclosure and sale failed to include the language required by RPAPL 1351(1). However, the defendant waived any objection to the omission of the language required by RPAPL 1351(1) from the judgment of foreclosure and sale by failing to raise this contention on his prior appeal from the judgment of foreclosure and sale (see Bank of Am., N.A. v Cord, 168 AD3d 896; see also Wells Fargo Bank, N.A. v Trupia, 181 AD3d 953, 955; Candea v Candea, 173 AD3d 667, 669).
To the extent that the plaintiff was nevertheless bound to comply with the time requirement set forth in RPAPL 1351(1), irrespective of whether the necessary language was included in the judgment of foreclosure and sale, under the circumstances, the Supreme Court providently exercised its discretion in granting the plaintiff's cross-motion pursuant to CPLR 2004 for an extension of time to hold the foreclosure sale. "Statutory time frames . . . are not options, they are requirements, to be taken seriously by the parties" (Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726). However, CPLR 2004 provides that, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." Moreover, "CPLR 5019(a) provides that '[a] judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party'" (Wells Fargo Bank, N.A. v Malik, 203 AD3d 1110, 1112, citing DHE Homes, Ltd. v Jamnik, 172 AD3d 1164, 1165).
"The determination of whether to grant a request for an extension of time pursuant to CPLR 2004 is addressed to the sound discretion of the trial court" (Leader v Steinway, Inc., 186 AD3d 1207, 1209; see Tewari v Tsoutsouras, 75 NY2d 1, 11-12; Kim & Bae, P.C. v Sunki Lee, 173 AD3d 990, 992; Oliver v Town of Hempstead, 68 AD3d 1079, 1080). "In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion" (U.S. Bank N.A. v Adler, 148 AD3d 858, 858; see Tewari v Tsoutsouras, 75 NY2d at 11-12).
Here, there was more than a two-year delay between the issuance of the judgment of foreclosure and sale and the notice of the foreclosure sale of the property. The Supreme Court determined that the delay, due to the defendant's prior appeal from the judgment of foreclosure and sale and a motion by the referee for supplemental fees, was reasonable and that the plaintiff demonstrated good cause for an extension of time in which to hold the foreclosure sale of the property. The court also found that the defendant failed to establish that the delay caused any prejudice to him. The court's findings are supported by the record, and thus, the court providently exercised its discretion in granting the plaintiff's cross-motion (see U.S. Bank N.A. v Adler, 148 AD3d at 858; Webster Bank, N.A. v Loeffler, 64 Misc 3d 1217[A] [Sup Ct, Suffolk County]; U.S. Bank N.A. v Nava, 2018 NY Slip Op 30074[U], *3 [Sup Ct, Queens County ]; see also Wells Fargo Bank, N.A. v Malik, 203 AD3d at 1112).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court