Bank of N.Y. Mellon v Ramsamooj (2023 NY Slip Op 04652)

Bank of N.Y. Mellon v Ramsamooj

2023 NY Slip Op 04652

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-03215
 (Index No. 600922/15)

[*1]Bank of New York Mellon, etc., respondent, 
v
Baldeo Ramsamooj, et al., defendants, Jessica Boissard, appellant.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Davidson Fink LLP, Rochester, NY (Todd Z. Marks of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jessica Boissard appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated April 12, 2022. The order granted the plaintiff's motion to extend the time to conduct the foreclosure sale of the subject property and denied the cross-motion of the defendant Jessica Boissard pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In this mortgage foreclosure action, the plaintiff moved to extend the time to conduct the foreclosure sale of the subject property pursuant to a judgment of foreclosure and sale dated April 17, 2018. The defendant Jessica Boissard (hereinafter the defendant) opposed the motion and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for failure to comply with RPAPL 1351 and the terms of the judgment of foreclosure and sale. The Supreme Court granted the motion and denied the cross-motion. The defendant appeals.
As amended effective December 20, 2016, RPAPL 1351(1) requires that a judgment direct the sale of the subject property within 90 days (see L 2016, ch 73, part Q, § 8 [eff Dec. 20, 2016]). However, under CPLR 2004, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." "In exercising its discretion to grant an extension of time [*2]pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the opponent of the motion" (Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963 [internal quotation marks omitted]; see Tewari v Tsoutsouras, 75 NY2d 1, 11-12; C Castle Group Corp. v Herzfeld & Rubin, P.C., 211 AD3d 1006, 1007). Here, the sale of the subject property was scheduled within the 90-day period required by the statute, but was stayed when the defendant filed for bankruptcy, and the defendant did not establish any prejudice arising from the delay. Therefore, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to extend the time to conduct the sale of the subject property (see Wells Fargo Bank, N.A. v Malik, 203 AD3d 1110, 1111-1112). For the same reasons, the court properly denied the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court