Bank of N.Y. Mellon v Adam P10tch, LLC (2024 NY Slip Op 02006)

Bank of N.Y. Mellon v Adam P10tch, LLC

2024 NY Slip Op 02006

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 850163/14 Appeal No. 2046 Case No. 2023-06597 

[*1]The Bank of New York Mellon, Formerly Known as The Bank of New York, etc., Respondent,
v
Adam P10tch, LLC, Appellant, Board of Managers of the Octavia Condominium et al., Defendants.

Rosenberg Fortuna & Laitman, LLP, Garden City (Christopher Villanti of counsel), for appellant.
Akerman LLP, New York (Aliza Malouf of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about November 28, 2023, which granted plaintiff's motion for an extension of time to conduct its foreclosure sale, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting plaintiff's motion pursuant to CPLR 2004 for an extension of time to conduct the foreclosure sale under RPAPL 1351(1) (see Bank of Am., N.A. v Cord, 214 AD3d 934 [2d Dept 2023]; see also Fine v One Bryant Park, LLC, 84 AD3d 436, 437 [1st Dept 2011]). CPLR 2004 provides that "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." In exercising its discretion, a court may consider such factors as "the length of the delay, whether the opposing party has been prejudiced by the delay, [and] the reason given for the delay . . . ." (Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989]).
Here, there was nearly a three-year delay between the issuance of the judgment of foreclosure and sale and plaintiff's motion for an extension of time to conduct the foreclosure sale of the property. The motion court properly determined that the delay did not prejudice defendant Adam P10tch, LLC. We note that the record reflects additional compelling factors supporting the court's decision to grant an extension for good cause, such as defendant's numerous motions and appeals filed since the judgment of foreclosure and sale, and the intervening COVID-19 pandemic.
We reject defendant's assertion that RPAPL 1351 and CPLR 2004 do not authorize a court to grant an extension of time to conduct the sale (see Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1402-1403 [2d Dept 2023]).
We have considered defendant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024