Ditech Fin., LLC v Connolly (2024 NY Slip Op 04246)

Ditech Fin., LLC v Connolly

2024 NY Slip Op 04246

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-00051
2022-00053
 (Index No. 8401/08)

[*1]Ditech Financial, LLC, respondent, 
v
James F. Connolly, et al., appellants, et al., defendants.

Michael E. McCarthy, Central Islip, NY, for appellants.
Woods Oviatt Gilman LLP, Rochester, NY (Cassie T. Doran of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants James F. Connolly and Susan M. Connolly appeal from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated October 5, 2021, and (2) an order of the same court also dated October 5, 2021. The first order denied those defendants' motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them and granted the plaintiff's motion to extend the time to conduct the foreclosure sale of the subject property and to confirm the foreclosure sale nunc pro tunc. The second order, in effect, granted the same relief to the plaintiff.
ORDERED that the orders are affirmed, with one bill of costs.
In November 2005, the defendant James F. Connolly executed a note in favor of First Horizon Home Loan Corporation in the sum of $300,000, which was secured by a mortgage executed by James and the defendant Susan M. Connolly (hereinafter together the defendants) on certain real property located in Sayville. In March 2008, First Horizon Home Loans commenced this action to foreclose the mortgage against the defendants, among others. The defendants failed to appear or answer the complaint. Subsequently, the mortgage was assigned to the plaintiff. The Supreme Court issued an order and judgment of foreclosure and sale dated July 2, 2019, which directed the sale of the property within 90 days of the date of the order and judgment of foreclosure and sale.
A foreclosure sale was held on January 29, 2020. Thereafter, the defendants moved pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them for lack of standing. The plaintiff moved to extend the time to conduct the foreclosure sale and to confirm the foreclosure sale nunc pro tunc. The Supreme Court denied the defendants' motion and granted the plaintiff's motion. The defendants appeal.
"RPAPL 1302-a, which allows a defendant in a foreclosure action to raise the issue of standing at any time, does not apply to a defaulting defendant" (Ditech Fin., LLC v Howell, 201 AD3d 786, 788) and, therefore, is inapplicable to this action. Instead, where a defendant has defaulted, the defendant "must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026). [*2]Here, the defendants failed to provide a reasonable excuse for their default. Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them.
"As amended effective December 20, 2016, RPAPL 1351(1) requires that a judgment direct the sale of the subject property within 90 days" (Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403). However, CPLR 2004 provides that "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" (see U.S. Bank N.A. v Adler, 148 AD3d 858, 858). "In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the opponent of the motion" (Bank of Am., N.A. v Cord, 214 AD3d 934, 936 [internal quotation marks omitted]; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963).
Here, the Supreme Court determined that the delay in conducting the foreclosure sale was reasonable given the plaintiff's late receipt of a filed copy of the order and judgment of foreclosure and sale and efforts to determine title was clear for sale, and that the plaintiff demonstrated good cause for an extension of time to conduct the foreclosure sale. The court also found that the defendants failed to establish that they were prejudiced by the delay. The court's findings are supported by the record, and thus, the court providently exercised its discretion in granting the plaintiff's motion to extend the time to conduct the foreclosure sale and to confirm the foreclosure sale nunc pro tunc (see Bank of Am., N.A. v Cord, 214 AD3d at 936; U.S. Bank N.A. v Adler, 148 AD3d at 858).
In light of our determination, the defendants' remaining contention need not be reached.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court