Nationstar Mtge., LLC v Dunn (2024 NY Slip Op 04562)

Nationstar Mtge., LLC v Dunn

2024 NY Slip Op 04562

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-06050
 (Index No. 508237/14)

[*1]Nationstar Mortgage, LLC, respondent,
v
Anthony Dunn, et al., defendants, Blue Realty & Services Group Corp., appellant.

Avi Rosenfeld, Lawrence, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Justin P. Robinson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Blue Realty & Services Group Corp. appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated April 12, 2022. The order, insofar as appealed from, sua sponte, in effect, pursuant to CPLR 2004, extended the plaintiff's time to hold a foreclosure sale of the subject property until one year following entry of the order.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, pursuant to CPLR 2004, extended the plaintiff's time to hold a foreclosure sale of the subject property until one year following entry of the order, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Blue Realty & Services Group Corp. (hereinafter Blue Realty), among others, to foreclose a mortgage on certain real property (see Nationstar Mtge., LLC v Dunn, 186 AD3d 836). Following the issuance of an order of reference and a referee's report finding that the plaintiff was due the sum of $968,274.96, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale (see id.). In an order dated September 5, 2017, the Supreme Court granted the plaintiff's motion and, in an order and judgment of foreclosure and sale also dated September 5, 2017, the court, among other things, confirmed the referee's report and awarded the plaintiff the sum of $968,274.96. Blue Realty appealed from the order and judgment of foreclosure and sale, and in a decision and order dated August 26, 2020, this Court affirmed the order and judgment of foreclosure and sale insofar as appealed from (see id.).
A foreclosure sale of the subject property was scheduled to be held on March 10, 2022. By order to show cause, Blue Realty moved to stay the foreclosure sale based on, inter alia, the plaintiff's failure to comply with RPAPL 1351(1). The Supreme Court signed the order to show cause on March 9, 2022, which included a temporary restraining order staying the foreclosure sale. [*2]The plaintiff opposed the motion. In an order dated April 12, 2022, the court denied Blue Realty's motion. In addition, the court, after, in effect, noting that it caused the cancellation of the scheduled foreclosure sale by issuing the temporary restraining order, sua sponte, in effect, pursuant to CPLR 2004, extended the plaintiff's time to hold a foreclosure sale of the property until one year following entry of the order. Blue Realty appeals.
"RPAPL 1351(1) was amended, effective December 20, 2016, to provide that a judgment of foreclosure and sale shall direct that the subject property be sold 'within ninety days of the date of the judgment'" (U.S. Bank, N.A. v Peralta, 191 AD3d 924, 925; see Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403). Here, the order and judgment of foreclosure and sale failed to include the language required by RPAPL 1351(1). However, Blue Realty waived any objection to the omission of the language required by RPAPL 1351(1) from the order and judgment of foreclosure and sale by failing to raise any issue about this omission on its prior appeal from the order and judgment of foreclosure and sale (see Nationstar Mtge., LLC v Dunn, 186 AD3d at 836; see also Bank of Am., N.A. v Cord, 214 AD3d 934, 935).
To the extent that the plaintiff nevertheless was bound to comply with the time requirement set forth in RPAPL 1351(1), irrespective of whether the necessary language was included in the order and judgment of foreclosure and sale, under the circumstances, the Supreme Court providently exercised its discretion in, sua sponte, in effect, pursuant to CPLR 2004, extending the plaintiff's time to hold a foreclosure sale of the property. "[S]tatutory time frames . . . are not options, they are requirements, to be taken seriously by the parties" (Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726). However, CPLR 2004 provides that "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." Furthermore, a court may grant sua sponte relief to a party pursuant to CPLR 2004 where, as here, it is faced with a procedural irregularity as opposed to a jurisdictional defect in the context of a mortgage foreclosure action (see e.g. Wells Fargo Bank, N.A. v Welz, 211 AD3d 1083, 1084). Moreover, "CPLR 5019(a) provides that '[a] judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party'" (Wells Fargo Bank, N.A. v Malik, 203 AD3d 1110, 1112, quoting DHE Homes, Ltd. v Jamnik, 172 AD3d 1164, 1165).
"In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the opponent of the motion" (Bank of N.Y. Mellon v Ramsamooj, 219 AD3d at 1403 [internal quotation marks omitted]; see Bank of Am., N.A. v Cord, 214 AD3d at 936). Here, the delay is largely attributable to, among other things, Blue Realty's pending appeal from the order and judgment of foreclosure and sale and the COVID-19 pandemic. Additionally, Blue Realty does not contend that the delay caused any prejudice to it. Accordingly, under these circumstances, the Supreme Court providently exercised its discretion in, sua sponte, in effect, pursuant to CPLR 2004, extending the plaintiff's time to hold the foreclosure sale of the property until one year following entry of the order (see Bank of Am., N.A. v Cord, 214 AD3d at 936).
Blue Realty's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court