MTGLQ Invs., LP v Hager (2025 NY Slip Op 04004)

MTGLQ Invs., LP v Hager

2025 NY Slip Op 04004

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2022-07985
 (Index No. 4077/08)

[*1]MTGLQ Investors, LP, respondent, 
v
Jacob Hager, et al., defendants, 595 E. 3 Street, LLC, appellant.

Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 595 E. 3 Street, LLC, appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated July 19, 2022. The order granted the plaintiff's motion for an extension of time to conduct a foreclosure sale of the subject property.
ORDERED that the order is affirmed, with costs.
In this action to foreclose a foreclosure, the Supreme Court issued an order and judgment of foreclosure and sale dated January 3, 2017, which, inter alia, directed the sale of the subject property. By order dated April 9, 2019, the plaintiff's motion for an extension of time to conduct the foreclosure sale of the property was granted, and thereafter, by order dated December 18, 2019, the court appointed a substitute referee in this action. Subsequently, the plaintiff moved again for an extension of time to conduct the foreclosure sale of the property pursuant to the order and judgment of foreclosure and sale. The defendant 595 E. 3 Street, LLC (hereinafter the defendant), opposed the motion. In an order dated July 19, 2022, the court granted the plaintiff's motion. The defendant appeals.
"As amended effective December 20, 2016, RPAPL 1351(1) requires that a judgment direct the sale of the subject property within 90 days" (Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403; see L 2016, ch 73, § 1, part Q, § 8 [eff Dec. 20, 2016]). However, under CPLR 2004, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." "The determination of whether to grant a request for an extension of time [pursuant to CPLR 2004] is addressed to the sound discretion of the trial court" (Leader v Steinway, Inc., 186 AD3d 1207, 1209; see Tewari v Tsoutsouras, 75 NY2d 1, 11-12). "In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the opponent of the motion" (Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963 [internal quotation marks omitted]; see Tewari v Tsoutsouras, 75 NY2d at 11-12).
Here, the plaintiff established that the foreclosure sale could not be conducted within the 90-day period from the date of the last extension issued due to a moratorium enacted during the COVID-19 pandemic. Further, the defendant does not contend that the delay caused it any prejudice. Thus, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for an extension of time to conduct the foreclosure sale of the property (see Nationstar Mtge., LLC v Dunn, 230 AD3d 1327; Bank of N.Y. Mellon v Ramsamooj, 219 AD3d at 1403).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., BRATHWAITE NELSON, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court