M&T Bank v Givens (2025 NY Slip Op 05677)

M&T Bank v Givens

2025 NY Slip Op 05677

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-00166
 (Index No. 30838/16)

[*1]M & T Bank, respondent, 
v
John Givens, etc., appellant, et al., defendants.

John Givens, Suffern, NY, appellant pro se.
LOGS Legal Group (Reed Smith LLP, New York, NY [Andrew B. Messite and Yimell M. Suarez Abreu], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Givens appeals from an order of the Supreme Court, Rockland County (Sherri I. Eisenpress, J.), dated November 4, 2022. The order granted the plaintiff's motion pursuant to CPLR 2004 to extend the time to conduct a foreclosure sale of the subject property to the extent of extending the time to conduct the sale to 90 days from the date of the order and denied the cross-motion of the defendant John Givens to toll the accrual of interest on the subject mortgage loan.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the cross-motion of the defendant John Givens to toll the accrual of interest on the subject mortgage loan, and substituting therefor a provision granting the cross-motion to the extent of tolling the accrual of interest on the subject mortgage loan after February 17, 2020; as so modified, the order is affirmed, without costs or disbursements.
In March 2016, the plaintiff commenced this action against the defendant John Givens (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Rockland County (hereinafter the property). On November 19, 2019, the Supreme Court issued an order and judgment of foreclosure and sale, which directed that the property be sold at auction within 90 days of the date thereof, or by February 17, 2020. The foreclosure sale, however, was not held within that time period. On January 21, 2020, the sale was scheduled, but the plaintiff "requested [that] the sale [ ] be postponed" so that the plaintiff could conduct "an internal review of the file." In June 2022, the plaintiff moved pursuant to CPLR 2004 to extend the time to conduct the foreclosure sale. The defendant opposed the motion and cross-moved to toll the accrual of interest on the subject mortgage loan. Specifically, the defendant argued that the court should toll the accrual of interest on the subject mortgage loan for the period of time after the expiration of the 90-day deadline to conduct the foreclosure sale. By order dated November 4, 2022, the court granted the plaintiff's motion to the extent of extending the time to conduct the foreclosure sale to 90 days from the date of the order and denied the defendant's cross-motion. The defendant appeals.
"RPAPL 1351(1) was amended, effective December 20, 2016, to provide that a judgment of foreclosure and sale shall direct that the subject property be sold within ninety days of the date of the judgment" (Nationstar Mtge., LLC v Dunn, 230 AD3d 1327, 1329 [internal quotation [*2]marks omitted]). "Statutory time frames . . . are not options, they are requirements, to be taken seriously by the parties" (Bank of Am., N.A. v Cord, 214 AD3d 934, 935 [internal quotation marks omitted]). However, pursuant to CPLR 2004, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." "In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the opponent of the motion" (Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403 [internal quotation marks omitted]).
Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 2004 to extend the time to conduct the foreclosure sale to the extent of extending the time to conduct the sale to 90 days from the date of the order (see Ditech Fin., LLC v Connolly, 230 AD3d 647, 649; Bank of N.Y. Mellon v Ramsamooj, 219 AD3d at 1403). The plaintiff demonstrated that "the delay [wa]s largely attributable to, among other things, . . . the COVID-19 pandemic" (Nationstar Mtge., LLC v Dunn, 230 AD3d at 1330; see Bank of N.Y. Mellon v Adam P10tch, LLC, 226 AD3d 497, 498; Flagstar Bank, FSB v Stewart, 226 AD3d 1107, 1108). Further, the defendant failed to establish that the delay caused him any prejudice (see Bank of N.Y. Mellon v Ramsamooj, 219 AD3d at 1403; Bank of Am., N.A. v Cord, 214 AD3d at 936).
"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 639 [internal quotation marks omitted]). "Once equity is invoked, the court's power is as broad as equity and justice require" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1394 [internal quotation marks omitted]). Thus, "[i]n an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Wells Fargo Bank, N.A. v Daniel, 231 AD3d 899, 901 [internal quotation marks omitted]). "Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action" (Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d 1016, 1018 [internal quotation marks omitted]). "[A] plaintiff should not benefit financially, in the form of accrued interest, from an unexplained delay in the prosecution of a mortgage foreclosure action" (Wells Fargo Bank, N.A. v Daniel, 231 AD3d at 901-902).
Here, contrary to the plaintiff's contention, the Supreme Court improvidently exercised its discretion in denying the defendant's cross-motion to toll the accrual of interest on the subject mortgage loan (see Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d at 1018-1019; Wells Fargo Bank, N.A. v Daniel, 231 AD3d at 902). The plaintiff asserted that the COVID-19 pandemic impacted its ability to proceed with the sale of the property (see e.g. Trento 67, LLC v OneWest Bank, N.A., 230 AD3d 1, 4, 9; Flagstar Bank, FSB v Stewart, 226 AD3d 1107, 1108). However, the pandemic-related stays on foreclosure sales did not go into effect until after the expiration of the 90-day deadline to conduct the sale of the property (see Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d at 1018), and the plaintiff failed to adequately explain its failure to conduct the sale within that 90-day period (see U.S. Bank, N.A. v Peralta, 191 AD3d 924, 926; Danielowich v PBL Dev., 292 AD2d 414, 415). Under the circumstances presented, the court should have granted the defendant's cross-motion to the extent of tolling the accrual of interest on the subject mortgage loan after February 17, 2020 (see Wells Fargo Bank, N.A. v Daniel, 231 AD3d at 902; Danielowich v PBL Dev., 292 AD2d at 415).
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court