Deutsche Bank Natl. Trust Co. v Lawson (2025 NY Slip Op 06983)

Deutsche Bank Natl. Trust Co. v Lawson

2025 NY Slip Op 06983

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-05151
2023-05154
 (Index No. 712200/21)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
vOrlena Lawson, appellant, et al., defendants.

Orlena J. Thomas-Johnson, named herein as Orlena Lawson, Rosedale, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Chong S. Lim of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Orlena Lawson appeals from (1) a decision of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 20, 2023, and (2) an order of the same court, also entered April 20, 2023. The order, insofar as appealed from, upon the decision, granted that branch of the plaintiff's motion which was to extend the time to conduct a foreclosure sale of the real property at issue and denied those branches of the cross-motion of the defendant Orlena Lawson which were pursuant to CPLR 5015(a)(1) to vacate a judgment of foreclosure and sale entered July 17, 2008, upon her default in appearing or answering the complaint, pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of standing, and pursuant to 22 NYCRR 130.1-1 to impose sanctions against the plaintiff and its counsel.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2007, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Orlena Lawson (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Queens (hereinafter the property). The defendant, despite being personally served with process, failed to appear or answer the complaint. Thereafter, upon the defendant's default, the plaintiff moved for and obtained a judgment of foreclosure and sale.
Following numerous delays occasioned by, among other things, extensive motion practice by the plaintiff and the defendant and three bankruptcy petitions filed by the defendant, the plaintiff moved, inter alia, to extend the time to conduct the foreclosure sale of the property. The [*2]defendant opposed the motion and cross-moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale, pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of standing, and pursuant to 22 NYCRR 130.1-1 to impose sanctions against the plaintiff and its counsel. The Supreme Court, inter alia, granted that branch of the motion and denied those branches of the cross-motion. The defendant appeals.
The Supreme Court properly denied those branches of the defendant's cross-motion which were pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer. Here, the defendant had twice unsuccessfully moved for the same relief. The court concluded, on both prior motions, that the defendant had failed to establish a reasonable excuse for her default or a meritorious defense to the action. Accordingly, the court properly determined that the doctrine of law of the case prohibited it from considering the issue anew (see Martin v City of Cohoes, 37 NY2d 162, 165; U.S. Bank N.A. v Ramanababu, 202 AD3d 1139, 1142).
In any event, those branches of the defendant's cross-motion were without merit. Both branches of the defendant's cross-motion are governed by the same standard. To be entitled to relief pursuant to CPLR 5015(a)(1) and 3012(d), the defendant must demonstrate a reasonable excuse for her default and the existence of a potentially meritorious defense to the action (see U.S. Bank N.A. v Smith, 210 AD3d 725; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027). Here, the defendant failed to demonstrate a reasonable excuse for her default. The defendant proffered her own illness as an excuse for failing to timely answer the complaint, but failed to submit any medical evidence documenting an ongoing illness that impeded her ability to defend the action (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 950). Since the defendant failed to demonstrate a reasonable excuse for her default, this Court need not consider whether she established the existence of a potentially meritorious defense to the action (see Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985).
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to extend the time to conduct the foreclosure sale of the property. While RPAPL 1351(1) requires that a judgment in a foreclosure action direct the sale of the subject property within 90 days (see Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403), CPLR 2004 permits a court to "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown" (see Bank of N.Y. Mellon v Ramsamooj, 219 AD3d at 1403). "In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion" (Bank of Am., N.A. v Cord, 214 AD3d 934, 936 [internal quotation marks omitted]).
Here, the foreclosure sale was delayed by, among other things, the extensive motion practice and the defendant's multiple bankruptcy filings. The defendant did not establish any prejudice arising from the delay. Under these circumstances, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to extend the time to conduct the foreclosure sale of the property (see Nationstar Mtge., LLC v Dunn, 230 AD3d 1327, 1330).
The defendant's remaining contentions are without merit.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court