Wilmington Sav. Fund Socy., FSB v Isom (2026 NY Slip Op 01089)

Wilmington Sav. Fund Socy., FSB v Isom

2026 NY Slip Op 01089

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-08184
 (Index No. 612061/17)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
vAllison Isom, et al., appellants, et al., defendants.

Christopher Thompson, West Islip, NY (McKinley Law, P.C. [Shannon C. McKinley], of counsel), for appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Allison Isom, Geneva Isom Gibson, and Terrence A. Roberts appeal from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated April 5, 2024. The order granted the plaintiff's motion to extend the time to conduct a foreclosure sale.
ORDERED that the order is affirmed, without costs or disbursements.
In this action to foreclose a mortgage, the plaintiff moved to extend the time to conduct a foreclosure sale pursuant to a judgment of foreclosure and sale entered on November 21, 2023. The defendants Allison Isom, Geneva Isom Gibson, and Terrence A. Roberts (hereinafter collectively the defendants) opposed the motion. The Supreme Court granted the plaintiff's motion. The defendants appeal.
RPAPL 1351(1) was amended, effective December 20, 2016, to provide that a judgment of foreclosure and sale shall direct that the subject property be sold "within ninety days of the date of the judgment" (Nationstar Mtge., LLC v Dunn, 230 AD3d 1327, 1329 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403). "[S]tatutory time frames . . . are not options, they are requirements, to be taken seriously by the parties" (Nationstar Mtge., LLC v Dunn, 230 AD3d at 1329 [internal quotation marks omitted]). However, under CPLR 2004, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason for the delay, and any prejudice to the opposing party (see Nationstar Mtge., LLC v Dunn, 230 AD3d at 1329; Bank of N.Y. Mellon v Ramsamooj, 219 AD3d at 1403; see also Bank of N.Y. Mellon v Adam P10tch, LLC, 226 AD3d 497).
Here, the judgment of foreclosure and sale was entered on November 21, 2023. On or about February 27, 2024, the plaintiff moved to extend the time to conduct the foreclosure sale. Thus, the length of the delay in seeking the extension was minimal. The defendants did not contend that they were prejudiced by the delay. Accordingly, the Supreme Court providently exercised its [*2]discretion in granting the plaintiff's motion to extend the time to conduct the foreclosure sale (see Nationstar Mtge., LLC v Dunn, 230 AD3d at 1330; Bank of N.Y. Mellon v Adam P10tch, LLC, 226 AD3d at 498; Bank of N.Y. Mellon v Ramsamooj, 219 AD3d at 1403).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court